UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT POTTER LEAGUE FOR ANIMALS<br>Plaintiff<br><br>v.<br><br>A. J. MARTINI, INC.<br>Defendant | : | No. CA 07 462 S |

## COMPLAINT

## PARTIES AND JURISDICTION

1. The plaintiff Robert Potter League for Animals ("Potter League") is a non-profit corporation organized under the laws of and having its principal place of business in the State of Rhode Island.

2. The defendant A. J. Martini, Inc. ("Martini") is a business corporation incorporated and having its principal place of business in the Commonwealth of Massachusetts.

3. The plaintiff brings this action pursuant to the Declaratory Judgments Act, 28 U.S.C. §2201.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, by virtue of diversity of citizenship of the parties.

## FACTS

6. The Potter League is an institution supported by charitable contributions and public funds that provides services and shelter to domestic animals. It owns and operates a facility for that purpose in Middletown, Rhode Island.

7. In September, 2006 the Potter League issued a Request for Qualifications/Proposals ("RFQ/P") from general contractors for the construction of a new animal shelter building at the Potter League' s property in Middletown, Rhode Island.

8. The defendant Martini responded to the RFQ/P. Thereafter, the Potter League and Martini engaged in discussions and negotiations and entered into a "Letter of Intent to Enter into a Contract and Preliminary Contract."

9. The Preliminary Contract of the Letter of Intent to Enter into a Contract and Preliminary Contract was a contract by which Martini promised to perform certain specified "pre-construction" services, in exchange for the promise by the Potter League to pay it a lump sum of $47,500.

10. The Letter of Intent of the Letter of Intent to Enter into a Contract and Preliminary Contract was an expression of intention by Martini and the Potter League to endeavor to develop a mutually satisfactory contract for the construction of the new animal shelter building for the Potter League.

11. As of the time that the parties entered into the Letter of Intent to Enter into a Contract and Preliminary Contract, there was no agreement between

the Potter League and Martini on the essential terms of a construction agreement, including the final scope of the work, the final design, the contract price, and the specific contract terms, among other things.

12. Martini performed the services called for under the Preliminary Contract, and submitted invoices to the Potter League based on the agreed-upon lump sum fee for those services.

13. The Potter League and Martini engaged in extensive discussions in an effort to arrive at a construction agreement. Despite the Potter League's best, good faith effort to reach an agreement with Martini, it was unable to do so because of significant differences on the scope of the work, the contract price, and the ability of Martini to obtain required bonding, among other things.

14. As a consequence of the inability of the Potter League and Martini to reach a mutually satisfactory agreement on a construction contract, the Potter League and Martini agreed that the construction contract would have to be developed in a different manner, through competitive bidding among general contractors.

15. Thereafter, the Potter League opened the construction contract for its new facility to competitive bidding. Martini participated in the process, and submitted a bid for the construction project.

16. The Potter League awarded the contract to the general contractor which submitted the most advantageous bid. Martini's bid was inferior to the winning bid and was not accepted.

17. After failing to be awarded the construction contract in the competitive bidding process, Martini made demand on the Potter League, claiming that it is entitled to compensation over and beyond the agreed upon lump sum for pre-construction services, and also to a fee to which it claims it would have been entitled under a construction contract if one had ever been agreed to, plus other expenses and damages.

## COUNT I

18. The plaintiff realleges each and every allegation contained in paragraphs 1 through 17, as if set forth herein.

19. The failure of the Potter League and Martini to reach an agreement on the construction contract was the result of Martini's efforts to inflate the contract price over and above the actual expected cost of the construction, to allow it to obtain, surreptitiously, a profit to Martini greater than the fixed fee that was to have been a part of such contract.

20. Martini's conduct in seeking to add hidden profits greater than the fixed fee to which it was supposed to be limited was a breach of its duty of good faith and fair dealing in negotiating the construction contract.

21. As a direct and proximate result of Martini's breach of its duty of good faith and fair dealing, the construction of the Potter League's new facility was delayed by several months, resulting in significant increased costs to the Potter League.

22. The Potter League has suffered damages as a result of Martini's breach of its duty of good faith and fair dealing.

WHEREFORE, the plaintiff demands judgment against Martini in an amount in excess of Seventy Five Thousand Dollars ($75,000), plus interest and costs.

**COUNT II**

23. The plaintiff realleges each and every allegation contained in paragraphs 1 through 22, as if set forth herein.

24. The Potter League has no obligation to Martini beyond the Preliminary Contract for pre-construction services. The Potter League has no contractual obligation to Martini regarding construction of the Potter League's new facility. The failure of Martini and the Potter League to reach agreement on a mutually acceptable construction contract was the result of Martini's inability to satisfy the Potter League's requirements, and to provide a contract price that was satisfactory to the Potter League.

25. A real and substantial controversy exists between the parties as to whether the Potter League has any obligation or liability under the Letter of Intent to Enter into a Contract and Preliminary Contract to Martini.

WHEREFORE, the Potter League demands judgment against Martini, declaring:

A. That the Preliminary Contract for pre-construction services was for a lump sum payment total of $47,500;

B. That with respect to any and all actions or tasks beyond the pre-construction services specified therein, the Letter of Intent to Enter

into a Contract and Preliminary Contract is an unenforceable agreement to agree that is void as a contract for want of mutuality of obligation;

C. That the Letter of Intent to Enter into a Contract and Preliminary Contract imposes no further obligation on the Potter League beyond the payment of the lump sum of $47,500 for pre-construction services; and

D. Such other relief as may be appropriate and just under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**ROBERT POTTER LEAGUE FOR ANIMALS**
By its attorneys

**R. DANIEL PRENTISS, P.C.**

R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5181

Dated: December 13, 2007