UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT POTTER LEAGUE<br>FOR ANIMALS,<br>Plaintiff and<br>Defendant-in-Counterclaim | ] | |
| v. | ] | C.A. NO. 07-462-S |
| A.J. MARTINI, INC.,<br>Defendant and<br>Counterclaimant | ] | **JURY DEMAND** |

**ANSWER AND COUNTERCLAIM**

This Answer and Counterclaim is filed together with two copies of a Rule 7.1 Disclosure Statement. The following paragraphs 1 through 25 correspond and reply to paragraphs 1 through 25 of the Complaint. The term "Insufficient Knowledge" when used herein shall mean that the Defendant, A.J. Martini, Inc. ("Martini") is without knowledge or information sufficient to form a belief as to the truth of an averment and shall have the effect of a denial.

1. Insufficient Knowledge.
2. Admitted.
3. Paragraph 3 of the Complaint is a conclusion of law and does not require an answer. To the extent it may be determined that an answer is required, Martini answers Insufficient Knowledge.
4. Admitted.
5. Paragraph 5 of the Complaint is a conclusion of law and does not require an answer. To the extent it may be determined that an answer is required, Martini answers Insufficient Knowledge.

6. Insufficient Knowledge.
7. Admitted.
8. Admitted.
9. Denied. Further answering, Martini says that on or about October 27, 2006 it entered into a written "Letter of Intent to Enter into a Contract and Preliminary Contract" (the "Contract") with the plaintiff, Robert Potter League for Animals ("Potter"), that the terms and provisions of the Contract speak for themselves, that in paragraph 9 of the Complaint, Potter misstates the terms of the Contract.
10. Paragraph 10 of the Complaint is ambiguous and as such cannot be answered other than to be denied. Further answering, Martini says that the Contract was a binding agreement between Martini and Potter.
11. Denied.
12. Admitted that Martini performed some services under the Contract before Potter precluded Martini from completing the Contract. Further admitted that Martini submitted invoices for part of the services and work it performed under the Contract. Further answering, Martini says it performed services and work requested by Potter over and above the services Martini was required to perform by the pre-construction portion of the Contract. All other averments and inferences in paragraph 12 of the Complaint are denied.
13. Denied.
14. Denied.
15. Admitted.
16. Denied.

17. Admitted that Martini made demand on Potter for compensation. Further answering Martini says that, in an effort to resolve its differences with Potter and despite Potter's breach of the Contract, the compensation which Martini demanded was less that what Martini is entitled to under the Contract and at law. All other averments and inferences in paragraph 17 of the Complaint are denied.

**ANSWER TO COUNT I**

18. Martini incorporates its answers to paragraphs 1 through 17.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

**ANSWER TO COUNT II**

23. Martini incorporates its answers to paragraphs 1 through 22.

24. Denied.

25. Admitted that a real and substantial controversy exists between Martini and Potter.

**FIRST AFFIRMATIVE DEFENSE**

26. Potter intentionally breached the Contract and is entitled to receive nothing.

## COUNTERCLAIM

## JURISDICTION

27. The court has jurisdiction of this matter as set forth in the Complaint and, as provided in Rule 8(a), the counterclaim needs no new grounds of jurisdiction to support it.

## COUNT I
[Breach of Contract]

28. Counterclaimant, Martini, is a Massachusetts corporation with a principal place of business in Winchester, Massachusetts.

29. Upon information and belief, defendant-in counterclaim, Potter, is a Rhode Island non-profit corporation.

30. On or about October 27, 2006, Martini and Potter entered into the Contract entitled "Letter of Intent to Enter into a Contract and Preliminary Contract.

31. In accordance with the terms of the Contract, for an estimated fee of $47,500, Martini was to provide certain pre-construction services during a specified time period in connection with the design and construction of Potter's new facility.

32. Potter's new facility was to be designed by Potter's architect and thereafter Martini was to build the facility, as provided in the drawings and specifications, in accordance with the terms of an AIA A111 Contract and AIA A201 General Conditions.

33. During Martini's performance of the pre-construction services, Potter requested Martini to perform services and work beyond the scope required by the Contract's pre-construction services provisions.

34. Martini performed the pre-construction services required by the original scope of work under the Contract's pre-construction services provisions.

35. Martini performed all of the extra work requested by Potter in connection with the Contract's pre-construction provisions.

36. For pre-construction services provided by Martini, over an extended period of time not contemplated by the Contract, Martini is entitled to be paid by Potter the sum of the sum of $154,344 in accordance with the Contract's agreed upon hourly rates.

37. Martini has been paid the sum of $39,073 for pre-construction services leaving a balance of $115,271 due Martini under the Contract's pre-construction services provisions.

38. Potter further breached the Contract by intentionally precluding Martini from building the facility after Martini spent almost a year assisting in the development of the project design.

39. As a result of Potter's breach of the Contract by refusing to permit Martini to complete its Contract obligations and construct the project, Martini suffered damages in the amount of $435,000 in addition to the $115,271 set forth above.

40. Potter owes Martini the total sum of $550,271 plus interest and costs.

**COUNT II**
[Quantum Meruit]

41. Counterclaimant, Martini, incorporates by reference paragraphs 28, 29 and 30.

42. Counterclaimant, Martini, in good faith, substantially completed all of its work under the Contract until such time as defendant-in-counterclaim, Potter, breached

the Contract and precluded Martini from completing its work and obligations under the Contract.

43. Counterclaimant, Martini, is entitled to be paid the fair value of all work, labor and services provided to the defendant-in-counterclaim, Potter.

WHEREFORE, Martini demands:

A. That this Court find that Martini owes Potter nothing and that the Complaint be dismissed with prejudice;

B. That this Court determine that Potter owes Martini the sum of $550,271 plus interest and costs and that Martini be awarded judgment against Potter for said amount;

C. That this Court find that counterclaimant, Martini, substantially completed all of its work and obligations under the Contract until defendant-in-counterclaim breached the Contract and precluded Martini from completing all work and obligations under the Contract;

D. That this Court determine the fair value of the work, services and labor substantially completed and furnished to Potter and award such sum to Martini plus interest and costs;

E. That this Court award Martini such further relief as this court deems just.

**MARTINI CLAIMS A TRIAL BY JURY**

Defendant,

A. J. MARTINI, INC.

By its attorneys,

/s/ John E. Bulman
John E. Bulman (#3147)
R. Thomas Dunn (#7612)

Little, Medeiros, Kinder,
Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195
Email: jbulman@lmkbw.com
tdunn@lmkbw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2008, I caused a true copy of the within Answer and Counterclaim to be electronically filed with the Court and served by e-mail or first class mail, postage paid, as noted to each of the following:

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903

dan@prentisslaw.com

/s/ John E. Bulman