UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT POTTER LEAGUE FOR ANIMALS, Plaintiff and Defendant-in-Counterclaim | ] | |
| v. | ] | C.A. NO. 07-462-S |
| A.J. MARTINI, INC., Defendant and Plaintiff-in-Counterclaim | ] | |

**A.J. MARTINI, INC.'S STATEMENT OF CLAIMS**

Pursuant to Local Rule 16(b), Defendant/Plaintiff-in-Counterclaim, A.J. Martini, Inc. ("Martini"), hereby submits this Statement of Claims in advance of the Initial Scheduling Conference scheduled for June 9, 2008. Plaintiff/Defendant-in-Counterclaim, Robert Potter League for Animals ("Potter League"), hired Martini to perform pre-construction and construction services for the construction of the Potter League's new facility. Potter League breached its agreement with Martini by precluding Martini from building the new facility and hiring a different contractor to construct the facility. In addition, Potter League has failed and refused to pay Martini for services rendered. Following a letter from Martini's legal counsel demanding payment for sums due, Potter League filed this preemptive lawsuit. Martini has counterclaimed seeking the damages it has incurred as a result of Potter League's breach.

The written agreement between Martini and Potter League, entitled "Letter of Intent to Enter Into a Contract and Preliminary Contract" dated October 27, 2006 ("Letter of Intent"), directed and authorized Martini to begin work on the project and stated that "the Owner will pay Martini for those services." The description of services contained in the agreement included: "to provide pre-construction <u>and construction services</u> to construct a new ±16,850

sq. ft. building." (Emphasis supplied.) The proposed form of contract was to be AIA documents A111 and A201, which deal with the provision of and payment for construction services.

With respect to pre-construction services, the agreement contained an estimate for those services totaling $47,500.00 conditioned upon specific tasks and a five-month pre-construction duration. The agreement specifically states: "Other tasks requested by the Owner shall be additional services." Finally, the agreement stated that "If the Owner elects not to proceed with the Project, the Owner shall have no further obligation to A. J. Martini, Inc. other than the payment for services and commitments to the date of the Project cancellation." It is clear from the specific provisions of the agreement that the Potter League had the right to terminate Martini's services but only in the circumstances where the League elected not to proceed with the Project.

Throughout the preconstruction process the Potter League's project design was never consistent with its budget and Potter League's difficulties in reconciling its desired scope with its established budget required Martini to provide many more pre-construction services than the parties originally intended. Moreover, the duration of the pre-construction services significantly exceeded the originally intended five months. Martini was directed to perform those additional pre-construction services by the Potter League. The value of those services is $154,344.00 in accordance with the agreed-upon billing rates set forth in the written agreement.

In reliance upon the written agreement and the oral assurances by the Potter League and its representative, Mr. David Luciano, Martini committed its construction staff to the Project. As a result, that staff was unavailable to Martini to generate revenue elsewhere for

Martini. Because Martini had committed its construction staff to this Project, it also suffered damage in the amount of approximately $85,000.00 until that personnel could be reassigned. Further, Potter League did not cancel the Project, yet awarded the construction services to another contractor. In breach of its written agreement, the Potter League wrongfully terminated Martini's contract thereby depriving Martini of its right to perform the construction services and earn a fee for the Project. The lost fee is approximately $350,000.00.

Although it has acknowledged that a minimum of $8,427.00 is owed Martini for pre-construction services, the Potter League has taken the bargaining position that it will not pay Martini that undisputed amount unless and until Martini foregoes its rights to receive amounts disputed by the Potter League.

Count I, Breach of Contract, of Martini's Counterclaim seeks damages for breach of the Letter of Intent. Martini will demonstrate that a contract existed between Martini and Potter League, that Potter League breached the contract and that Martini was damaged. Rendine v. Catoia, 158 A. 712, 713 (R.I. 1932). The amount owed Martini under its written agreement with the Potter League, exclusive of interest and reasonable attorneys' fees, is:

| | |
|---|---|
| Pre-construction Services - | $154,344.00 |
| Payments Received to Date - | (39,073.00) |
| Lost Fee - | 350,000.00 |
| Cost of Idle Staff - | 85,000.00 |
| Total Due Martini - | $550,271.00 |

Count II, Quantum Meruit, of Martini's Counterclaim seeks damages for Potter League's wrongful refusal to pay for services rendered. Martini will demonstrate that it

supplied services to Potter League with the expectation that Potter League would pay for said services, that Potter League knowingly accepted such services and that Potter League has been unjustly enriched by failing to pay for said services. See Hurdis Realty, Inc. v. Town of North Providence, et al., 121 R.I. 275, 278, 397 A.2d 896, 897 (1979) ("In order to prove a quasi-contract it must be shown that: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant appreciated the benefit, and (3) under the circumstances it would be inequitable for the defendant to retain such benefit without payment of the value thereof.")

Respectfully submitted,

Defendant,
A. J. MARTINI, INC.
By its attorneys,

/s/ John E. Bulman
John E. Bulman (#3147)
jbulman@lmkbw.com
/s/R. Thomas Dunn
R. Thomas Dunn (#7612)
tdunn@lmkbw.com
Little, Medeiros, Kinder, Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

Loring A. Cook, III
lcook@murthalaw.com
Andrew G. Wailgum
awailgum@murthalaw.com
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
Tel: (617) 457-4000
Fax: (617) 482-3868

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2008, I caused a true copy of the within Entry of Appearance to be electronically filed with the Court and served by electronic mail to each of the following:

Counsel for Potter League

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903
Email: dan@prentisslaw.com

/s/John E. Bulman____________________

F:\RTD\AJ Martini\AJM's Rule 16Stmt.doc