**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROBERT POTTER LEAGUE FOR ANIMALS<br>Plaintiff | : | |
| v. | : | No. 07-462S |
| A. J. MARTINI, INC.<br>Defendant | : | |

**RULE 16 STATEMENT OF PLAINTIFF**
**ROBERT POTTER LEAGUE FOR ANIMALS**

On October 27, 2006 the plaintiff Robert Potter League for Animals ("Potter League") entered into a "Letter of Intent to Enter Into Contract and Preliminary Contract" ("Contract") with defendant A. J. Martini, Inc. ("Martini"). The substance of that instrument is exactly what its title depicts: a letter of intent regarding a future contract, and a preliminary contract. The preliminary contract was for pre-construction services related to the anticipated construction for the Potter League of a new building for its operations. The future contract for which the parties stated their intention was to be the actual construction contract for the building.

The Contract, drafted by Martini, called for Martini to perform 10 specified tasks, for each of which there was a fixed price, plus reimbursement of out of pocket expenses. The total fixed price for these pre-construction services was $46,330, with an estimate of reimbursable out of pocket expenses of $1,170.

The Contract contained the following schedule of tasks, with corresponding statements whether they were within the scope of Martini's obligations to perform:

| | |
|---|---|
| Preconstruction services | Yes |
| Soliciting of Sub Bids | Yes |
| Preordering Equipment | No |
| Awarding subcontracts | No |
| Preparation of Submittals | No |
| Obtain Insurance Coverage | Yes |
| Obtain Bonds | No |
| Apply for Building Permits | No |
| Occupy Site | No |
| Begin Construction | No |

The Contract stated the parties' intention that the construction contract would be a Guaranteed Maximum Price ("GMP") agreement; one of the specified tasks to be performed by Martini was to develop a GMP for the project that met with the Potter League's approval.

Martini commenced work under the contract to perform the preconstruction services specified in the Contract. It submitted seven invoices to the Potter League, all of which reflected the fixed price set forth in the Contract. By May, 2007, Martini had still not provided the Potter League with a satisfactory GMP for the construction of the building. In an effort to bring its proposed GMP to an amount that was acceptable to the Potter League, it proposed unacceptable modifications to the building design and features. Finally, in the summer of 2007, after it became clear that it could not reach an acceptable construction agreement with Martini, the Potter League decided to put the construction project out to competitive bidding.

Martini accepted this determination, and submitted a bid for the construction of the building.

The Potter League carefully reviewed all bids, and selected the lowest qualified bidder. Its bid was approximately $500,000 less than Martini's, and contained far fewer conditions. The bid was awarded, and a construction contract signed.

After it lost the bid, Martini submitted an invoice to the Potter League for its preconstruction services, in which it "retro-fitted" all its past invoices into a time and materials basis, and asserted that it was owed an additional $115,271, rather than the $8,427 that was due. It followed with a demand for damages for breach of the construction contract that was never created.

The Potter League brought this civil action pursuant to the Declaratory Judgments Act, 28 U.S.C. §2201, for a declaration of its rights relative to the Contract. Specifically, the Potter League seeks a determination that the Contract is exactly what it purports to be, a contract for preconstruction services, and non-binding letter of intent to enter into a construction contract. It further seeks a determination that Martini breached its implied covenant of good faith and fair dealing by intentionally inflating its GMP estimate in order to allow it to garner additional profits under its proposal to share with the Potter League savings it achieved below the GMP.

The elements of the Potter League's claim as to the existence of a construction contract are the basic elements of a contract: a meeting of the minds as to all material terms of the contract. Where the contract is unambiguous, the court must enforce it according to the plain meaning of the words used. *Paolella v. Radiological Leasing Associations*, 769 A.2d 596 (RI 2001); *Hill v. M. S. Alper & Son, Inc.,* 256 A.2d 10, 15 (R.I. 1969).

Here, the Contract is unambiguous in the limitation of the scope of the services to be provided by Martini and paid for by the Potter League to preconstruction services only. The Contract expressly excludes all construction-related activity from the tasks to be performed by Martini. The Contract expressly sets fixed prices for the preconstruction services. To the extent that there is any ambiguity as to this latter term, Martini's invoicing practice under the Contract confirms that the parties' intention was to construe the contract as one for a fixed price.

Under Rhode Island law, every contract carries with it an implied obligation of good faith and fair dealing so that the objectives of the contract can be achieved. *Ide Farm & Stable, Inc. v. Cardi*, 297 A.2d. 643, 645 (R.I. 1972). The Potter League will prove that Martini's effort to inflate the GMP without cost justification, in order to facilitate an earned bonus for reducing the actual cost below the GMP, was a violation of that implied covenant. The Potter League suffered damages due to the delay in the bidding process and construction schedule as a consequence of that breach of good faith.

Respectfully submitted,

**ROBERT POTTER LEAGUE FOR ANIMALS**
By its attorneys

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place,
Suite 380
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5181
dan@prentisslaw.com

## CERTIFICATION

I hereby certify that on this 3rd day of June, 2008, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

John E. Bulman, Esq.
R. Thomas Dunn, Esq.
Little, Medeiros, Kinder,
Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903
Email: jbulman@lmkbw.com
tdunn@lmkbw.com

/s/ R. Daniel Prentiss